AMY, J., concurring. hi agree with the majority that application of the analysis required in Lozman v. City of Riviera Beach, Fla., 568 U.S. 115, 133 S.Ct. 735, 184 L.Ed.2d 604 (2013) indicates that this riverboat is not a “vessel” for purposes of 1 U.S.C. § 3. Observing that Section 3 defines a “vessel” as an “ ‘artificial contrivance ... capable of being used ... as a means of transportation on water[,]’ ” the Supreme Court explained that “a structure does not fall within the scope of this statutory phrase unless a reasonable observer, looking to the [structure’s] physical characteristics and activities, would consider it designed to a practical degree for carrying people or things over water.” Id. at 121, 133 S.Ct. 735. As explained in the majority review, this riverboat undoubtedly includes many of the physical characteristics and activities of a vessel as described in Lozman. It has a crew, the capacity of self-propulsion, and it features a steering mechanism. Yet, those physical characteristics must be viewed alongside the fact that this riverboat has not been engaged in the physical activities of transport since it became moored for operation as a dockside gaming facility in 2001. Given that obvious and consistent mooring, as well as the fact that patrons enter the riverboat from the land-based pavilion by an entranceway described by the Engineer as approximately “40-by-40,” I find that the reasonable observer would view the remaining physical characteristics as mere artifacts creating the superficial fagade of a means of transport. For these reasons, I concur in the majority’s decision to reverse and render.